No. 95-2488

MICHAEL WAYNE GADDIS,                    *
                                         *
            Appellant.                   *
                                         *  Appeal from the United States
      vs.                                *  District Court for the Western
                                         *  District of Missouri
SHIRLEY S. CHATER, Commissioner          *
of Social Security,                      *
                                         *
            Appellee.                    *

Submitted:  January 11, 1996

Filed:  February 16, 1996

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
JONES,[*] Senior District Judge.

JONES, Senior District Judge.

     Michael Wayne Gaddis applied for disability insurance benefits
under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401
et seq., and supplemental security income under Title XVI of the
Act, 42 U.S.C. § 1381 et seq.  Gaddis alleged disability commencing
July 16, 1992, on account of tinnitus with hearing loss and related
mental impairments.  Following a hearing, an administrative law
judge (ALJ) denied Mr. Gaddis' application, a decision which was
affirmed by the Appeals Council.

---

[*]The HONORABLE JOHN B. JONES, Senior United States District
Judge for the Southern Division of the District of South Dakota,
sitting by designation.

Gaddis sued in federal district court in Missouri for judicial review of that decision. See 42 U.S.C. § 405(g). On cross motions for summary judgement, the district court[1] found that the decision of the ALJ should be affirmed and granted summary judgment to the government. Mr. Gaddis appeals arguing the ALJ committed various errors and that his decision is not supported by substantial evidence. We affirm.

## I.

At the time of his hearing, Gaddis was a thirty-five-year-old man who has completed high school and has taken some college courses. He was injured on the job with Burlington Northern Railroad on March 15, 1987, when a train whistle was activated by an engineer while Gaddis was standing at the crossing. As a result he suffers from tinnitus which the ALJ described as a "constant high pitched ringing hiss in [Gaddis'] ears." The record indicates that Gaddis cannot tolerate loud or sustained noise but that he can hear and tolerate conversation. Gaddis testified he has difficulty concentrating and that he now suffers "mental pain" on account of the tinnitus. He and his wife testified that in addition to tinnitus, he suffers from nervousness, anxiety and depression which preclude him from working.

The ALJ analyzed the case by following the five-step analysis mandated by 20 C.F.R. § 404.1520 (1995). After hearing all of the evidence, and examining the entire record (including medical records), the ALJ determined that Gaddis was not disabled as defined by the Act. Specifically the ALJ found that despite having "severe impairments of tinnitus and depression and anxiety" that Gaddis retained the residual functional capacity to perform past relevant work as a liquor store sales clerk. The ability to perform past relevant work precludes a claimant from being termed

---

[1]The Honorable Dean Whipple, United States District Court Judge for the Western District of Missouri.

2

disabled and recovering social security benefits.  Martin v. Sullivan, 901 F.2d 650, 652-53 (8th Cir. 1990).

## II.

Our task on review is to determine whether the denial of benefits is supported by substantial evidence in the record as a whole.  Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). To do so, we must evaluate the evidence in the record which supports the ALJ's decision as well as that which detracts from it. See Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).  "We may not reverse merely because substantial evidence would have supported an opposite decision."  Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995).

On appeal it is argued that the ALJ erred in evaluating the medical evidence by improperly disregarding the opinion of Gaddis' treating psychiatrist, Dr. Christy.  Dr. Christy reported that Gaddis had anxiety and depression related to "severe and disabling tinnitus."  Gaddis' assignment of error belies the fact that the ALJ specifically assigned the most weight to and relied on Dr. Christy's report regarding Gaddis' depression and anxiety.  The only thing discounted was the reference to "disabling tinnitus." The ALJ noted that Dr. Christy's characterization of Gaddis' mental impairments as disabling was disputed by other medical evidence and the record as a whole.  It was further noted that many of Dr. Christy's conclusions were based on the subjective complaints of Gaddis, complaints found not wholly credible by the ALJ.  Based on our review of the record we find no error in the evaluation of the medical evidence.

Regarding subjective complaints, Gaddis contends the ALJ erred when he found Gaddis' complaints of disabling "mental pain" associated with his tinnitus not credible.  The ALJ considered the subjective complaints in accordance with Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  Polaski provides that an ALJ can

3

discount subjective complaints if there are inconsistencies in the record as a whole.  Id. at 1322.

At the outset we must note that the ALJ did not completely reject Gaddis' complaints regarding the tinnitus and accompanying mental pain.  The record indicates that the ALJ found that Gaddis suffers from tinnitus (as well as depression and anxiety), but that the condition is not disabling as defined by the Act.

Further, we agree with the ALJ that inconsistencies exist in the record which could justify discounting Gaddis' testimony regarding the severity of his injury.  One of the primary inconsistencies related to Gaddis' motivation for seeking disability benefits.  Apparently after private disability insurance benefits and employer disability benefits ended, Gaddis filed a lawsuit against his former railroad employer.  The record indicates his frustration at the time required to receive financial support through the litigation.  At one point Gaddis was trying to decide to "work for a year and a half until a settlement comes through on his lawsuit."  His doctor reported Gaddis began work in 1991 as a salesclerk at a liquor store, worked about a week, then quit only to start up again after his attorney told him a lawsuit will take anywhere from one to three years to complete.  Despite testifying to an inability to work because of his condition, Gaddis at one point conceded to Dr. Christy that "he can go out and find a minimum wage job at any time, but he is more worried about the future."  In fact, much of the counseling done by Dr. Christy concerned vocational and employment issues.  We agree with the ALJ that there is a "strong element of secondary gain in this case" and that Gaddis' conduct belies his sincere belief that he is truly disabled and unable to perform any substantial gainful activity.

Gaddis also testified that he went to extreme lengths to avoid loud noises, yet, inconsistent with that sworn testimony, evidence in the record described Gaddis taking a "motorcycle trip" and shooting off fireworks on the Fourth of July.  After observing the

4

witnesses and fully evaluating all of the evidence, the ALJ discredited Gaddis' subjective complaints regarding the extent of his tinnitus. Our review indicates the credibility finding is supported by the record and should not be disturbed.

Gaddis' final argument is that the ALJ did not properly utilize a vocational expert's testimony and did not shift the burden to proof to the Commissioner to prove the existence of other work existing in large numbers he could perform in the national economy. The ALJ determined Gaddis retained the residual functional capacity to perform some of his past relevant work as a liquor store salesclerk as the job is normally performed in the national economy. Under the five-step analysis of social security cases, when a claimant can perform his past relevant work, he is not disabled. Martin v. Sullivan, 901 F.2d 650, 652-53 (8th Cir. 1990). Once this decision is made there is no burden shifting and the services of a vocational expert are not necessary. Orrick v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992).

To the extent this final argument is an attack on the sufficiency of the evidence supporting ALJ's decision regarding Gaddis' ability to perform past relevant work, we reject it as well.

**III.**

Based on the record, we are convinced that the ALJ's decision is adequately supported by substantial evidence. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5