**Darlene M. MILLER, SSN: 355–46–5461, Plaintiff,**

v.

**John CALLAHAN, Ph.D.,[1] Commissioner of Social Security, Defendant.**

**Civil No. 3–96–CV–90145.**

United States District Court,
S.D. Iowa,
Central Division.

July 18, 1997.

---

1. President Clinton appointed John J. Callahan to serve as Acting Commissioner of Social Security, effective March 1, 1997, to succeed Shirley S. Chater. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, John J. Callahan is hereby substituted for Shirley S. Chater as defendant in this action.

**394**

Michael DePree, Davenport, Iowa, for Plaintiff.

Christopher D. Hagen, Asst. U.S. Atty., Des Moines, IA, for Defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

PRATT, District Judge.

Plaintiff, Darlene M. Miller, seeks judicial review of the Social Security Commissioner's decision denying her insurance benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, 1381 *et seq.* (1994). This court may review a final decision by the Commissioner. 42 U.S.C. § 405(g) (1994).

## BACKGROUND

Plaintiff filed an application for disability benefits on November 1, 1994, claiming an onset of disability date of August 17, 1994. Her applications were denied initially and upon reconsideration. After a hearing, Administrative Law Judge John P. Johnson (ALJ) issued a decision on June 28, 1996, denying benefits. On September 13, 1996, the Appeals Council denied Plaintiff's request for review. Plaintiff filed this Complaint on October, 4, 1996.

## STANDARD OF REVIEW

In reviewing administrative decisions, it is the duty of the Court to evaluate all of the evidence in the record, taking into account whatever in the record fairly detracts from the ALJ's decision. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464–65, 95 L.Ed. 456 (1951); *Piercy v. Bowen,* 835 F.2d 190, 191 (8th Cir.1987).

*Easter v. Bowen,* 867 F.2d 1128, 1131 (8th Cir.1989). In *Bradley v. Bowen,* 660 F.Supp. 276, 279 (W.D.Ark.1987) the court, Richard S. Arnold, Circuit Judge (now Chief Judge of the U.S. Court of Appeals for the Eighth Circuit) sitting by designation, wrote:

The standard of review of an administrative adjudication is whether it is supported by substantial evidence on the record as a whole. This is somewhat more probing than the "substantial evidence" test which is used by an appellate court when reviewing the fact-finding of a jury. *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir. 1987). While this Court will not second-guess a reasonable choice between two fairly conflicting views of the evidence (even if the Court, proceeding de novo, would have preferred the other choice), it will canvass the entire record to ensure that the ALJ in fact made such a reasonable choice. *Universal Camera Corp. v.*

*NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464–65, 95 L.Ed. 456 (1951). Thus, it is not enough for the reviewing court simply to search the record for some evidence which will support the ALJ's conclusion. *Parsons v. Heckler,* 739 F.2d 1334, 1339 (8th Cir.1984). The Court must also review that evidence which "fairly detracts" from the ALJ's conclusion. *Universal Camera,* 340 U.S. at 488, 71 S.Ct. at 464. The weighing of conflicting evidence is generally a matter of factfinding for the ALJ, and will not be disturbed on review if the result is one which " 'a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420,1427, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. NLRB.* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). But there are occasions when the bulk of the evidence is transparently one-sided against the ALJ's decision. In those instances, the reviewing court must reverse the administrative determination on the ground of unreasonableness. See *Gavin,* 811 F.2d at 1199–1201, and see generally, *Deuter v. Schweiker,* 568 F.Supp. 1414 (N.D.Ill.1983).

## ALJ'S FINDINGS

Plaintiff met the earnings requirement of the Act on her alleged onset of disability date and continues to meet them through the end of June 1998. Tr. P. 158. The ALJ, following the sequential evaluation found at 20 C.F.R. §§ 404.1520, 416.920, found that Plaintiff has not engaged in substantial gainful activity since August 17, 1994. The ALJ found that Plaintiff has severe impairments: a history of toxoplasmosis, chronic obstructive pulmonary disease, acid peptic disease with gastritis and gastro esophageal reflux, an adjustment disorder with mixed emotional features and a history of panic attacks, and a history of contusion to the right shoulder. The ALJ found that none of Plaintiff's impairments are severe enough to meet or equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. The ALJ found:

The claimant has the residual functional capacity to perform the physical exertional and nonexertional requirements of work except for lifting more than 20 pounds occasionally or 10 pounds frequently. She cannot tolerate excessive heat, humidity, or cold, nor can she tolerate more than moderate dust or fumes. She should avoid heights. She is not able to do very complex-technical work, but able to do more than simple, routine, repetitive work not requiring constant attention to detail. She can have only occasional contact with the public, co-workers, or supervisors. She does require occasional supervision, can work at no more than a regular pace, and can tolerate only mild to moderate stress level.

At the fourth step of the sequential evaluation, the ALJ found that Plaintiff is able to do her past relevant work as a cleaner housekeeper. The ALJ also found that Plaintiff's testimony, as well as the testimony of the other witnesses "insofar as the intensity and severity of symptoms" was not credible.

## PLAINTIFF'S ABILITY TO RETURN TO PAST WORK

Plaintiff argues that the finding that Plaintiff is able to do her past relevant work is not supported by substantial evidence on the record as a whole. Plaintiff argues the ALJ erred by inappropriately discounting the opinion of the treating psychiatrist.

On April 6, 1995, Kedar N. Bhasker, M.D., Psychiatrist, wrote to Marilyn Haywood, a disability examiner at Disability Determination Services. Tr. PP 326–328. Dr. Bhasker wrote:

Commenting on her functional abilities, Mrs. Miller does not seem significantly limited in the area of understanding and memory. In the area of sustained concentration and persistence, she does not appear significantly limited in her abilities to carry out very short and simple instructions or detailed instructions, perform activities within a schedule, sustain an ordinary routine without special supervision, or in her ability to make simple work related decisions. However, she does appear moderately limited in her abilities to maintain attention and concentration for extended periods, work in coordination with or prox-

imity to others without being distracted by them, and complete a normal work day and work week without interruptions from psychologically based symptoms. Mrs. Miller does not appear significantly limited in any area of social interaction. Nor does she appear significantly limited in any area of adaption, with the exception of her ability to travel in unfamiliar places or use public transportation, which might be moderately limited. She does seem able to handle her own funds appropriately.

Tr. P. 327–28. Plaintiff argues that it was error for the ALJ to exclude these limitations from the hypothetical. This court agrees. In *Edleman v. Shalala,* 845 F.Supp. 1337 (S.D.Iowa 1994), a vocational expert testified that similar "moderate" limitations would preclude substantial gainful activity. *Edleman,* 845 F.Supp. at 1342.

Dr. Bhasker is a treating physician, and his opinion is not contradicted anywhere in the record. In *Gaddis v. Chater,* 76 F.3d 893 (8th Cir.1996), cited by Defendant, the court noted that the opinion of the treating physician "was disputed by other medical evidence and the record as a whole." *Gaddis* 76 F.3d at 895. It is well settled law that it is error for an ALJ to substitute his judgment for that of the physicians. *Ness v. Sullivan,* 904 F.2d 432, 435 (8th Cir.1990). In an opinion filed July 14, 1997, the Court of Appeals for the Eighth Circuit wrote:

> "The opinion of a treating physician is entitled to great weight 'unless it is unsupported by medically acceptable clinical or diagnostic data.'" *Ghant v. Bowen,* 930 F.2d 633, 639 (8th Cir.1991) (quoting *Kirby v. Sullivan,* 923 F.2d 1323, 1328 (8th Cir. 1991)).

*Trossauer v. Chater,* No. 96–4116 slip op., —— F.3d —— (8th Cir. July 14, 1997).

Defendant argues that the limitations did not have to be included in the hypothetical because the ALJ stopped the sequential evaluation at the fourth step and was not required to pose a hypothetical question. In this case, however, the ALJ based his finding that Plaintiff could return to her past relevant work upon the testimony of the vocational expert in response to his hypothetical. If the ALJ is going to use a hypothetical

question, either at the fourth or fifth step of the sequential evaluation, the hypothetical must comport with Eighth Circuit law. The court has carefully read the cases cited by defendant and finds them inapplicable to the facts of this case. In *Gaddis v. Chater,* 76 F.3d 893 (8th Cir.1996), Gaddis, who had taken a job as a salesclerk for a short time while his claim was pending, admitted to his treating physician that he was unwilling to work at a minimum wage job. The court affirmed the finding that Gaddis was able to do his past work as a salesclerk. In *Barrett v. Shalala,* 38 F.3d 1019 (8th Cir.1994), the court noted the ALJ had found:

> that Barrett's work stoppage was caused by Ryder's loss of a work contract, and not by his medical problems; that Barrett collected unemployment insurance during the period of his claimed disability; that Barrett received only minimal conservative treatment; that he had not seen his doctor since June 1991, and had not required emergency room or hospital treatment during the period he claimed disability, nor had he required extensive evaluation or testing; that he never discussed the side effects of his medication with his doctor or asked for modification of the medication; that the doctor's progress notes did not indicate complaints of severe, frequent migraine headaches; that, despite his testimony as to the duration, frequency and intensity of his pain, he continued to drive a car; that the pain was precipitated and aggravated by activities requiring physical exertion; and that Barrett presented no evidence of impairment in cognitive functioning.

*Barrett,* 38 F.3d at 1023. In *Gaddis* and *Barrett* the ALJs' findings that the claimants were able to do the type of work they had done in the past was based on factors other than medical limitations. In those cases, putting the limitations in the form of a hypothetical question would have been pointless. Here, the ALJ found it necessary to ask the vocational expert a hypothetical question which included the Plaintiff's impairments and limitations. It is not unusual for an ALJ to consult a vocational expert on the question of a claimant's ability to do past relevant

work. *See Trossauer v. Chater,* No. 96–4116 slip op., —— F.3d —— (8th Cir. July 14, 1997) (noting the ALJ relied on the opinion of the vocational expert in response to a hypothetical to find that the claimant was not able do past relevant work).

It is the opinion of the court that the ALJ was correct in his decision to question the vocational expert at the 4th step of the sequential evaluation. Having made the decision to rely on vocational expert testimony as a basis of the fourth step finding, however, the hypothetical question must include *all* of the impairments and limitations supported by substantial evidence in the record. The hypothetical question must include the uncontradicted limitations stated by the treating doctor.

In *Kirby v. Sullivan,* 923 F.2d 1323 (8th Cir.1991), the court held that it was error for an ALJ to make a "perfunctory conclusion" that a claimant can return to past relevant work without making "[a] comparison of the claimant's residual functional capacity with the actual functional demand of her particular past employment". *Kirby,* 923 F.2d at 1327. In *Groeper v. Sullivan,* 932 F.2d 1234, 1238–39 (8th Cir.1991), Judge Beam, writing for the court, held:

> An ALJ's decision that a claimant can return to his past work must be based on more than conclusory statements. The ALJ must specifically set forth the claimant's limitations, both physical and mental, and determine how those limitations affect the claimant's residual functional capacity. The ALJ must also make explicit findings regarding the actual physical and mental demands of the claimant's past work. Then, the ALJ should compare the claimant's residual functional capacity with the actual demands of the past work to determine whether the claimant is capable of performing the relevant tasks.

In the case at bar, the ALJ properly relied on the testimony of a vocational expert to determine the functional demands of Plaintiff's past work. The ALJ also relied on the vocational expert to determine if Plaintiff's residual functional capacity allowed her to perform her past relevant work. The deficiency is that in formulating the residual functional capacity finding, the ALJ left key elements from the opinion of the treating physician out of the equation. In *Taylor v. Chater,* 118 F.3d 1274, 1278 (8th Cir.1997), the court wrote: "Testimony from a vocational expert is substantial evidence *only* when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." (Emphasis added.) Thus, the finding that Plaintiff is able to do her past relevant work is not supported by substantial evidence on the record as a whole.

## ALJ'S CREDIBILITY FINDING

Plaintiff argues that the ALJ did not make proper credibility findings. In the case of *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984), the court wrote:

> The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1.  the claimant's daily activities;
>
> 2.  the duration, frequency and intensity of the pain;
>
> 3.  precipitating and aggravating factors;
>
> 4.  dosage, effectiveness and side effects of medication;
>
> 5.  functional restrictions.

■ In the ALJ's rationale for finding Plaintiff's testimony not credible none of the *Polaski* factors are mentioned as a basis for the ALJ's finding, nor can the court, in its review of the record, find any observations of third parties or treating and examining physicians which would support a finding that Plaintiff's testimony is not credible.

■ Plaintiff also argues that it was error for the ALJ not to properly evaluate the testimony of the lay witnesses who appeared at the hearing. This court agrees. Although the ALJ acknowledged that Plaintiff's husband and sister had testified at the hearing, he did not evaluate their testimony as required by the Eighth Circuit. In *Smith v.*

**398**

*Heckler,* 735 F.2d 312, 317 (8th Cir.1984), the court wrote:

> We have frequently criticized the failure of the Secretary to consider subjective testimony of the family and others. We have held that a failure to make credibility determinations concerning such evidence requires a reversal and remand. *Basinger v. Heckler,* 725 F.2d 1166, 1169–70 (8th Cir. 1984); see also *Simonson v. Schweiker,* 699 F.2d 426, 429 (8th Cir.1983) (failure to consider subjective testimony about pain). If the ALJ is to reject such testimony, it must be specifically discussed and credibility determinations expressed. Because the ALJ failed to consider this evidence properly, his decision, and those of the Appeals Council and of the district court that were based upon it, must be reversed.

### REMEDY

The Commissioner's decision is not supported by substantial evidence on the record as a whole. Plaintiff prays for a remand to allow the Commissioner to correct the errors discussed above. The court agrees that a remand is the proper remedy. On remand, the Commissioner shall instruct the ALJ to make credibility findings which will pass muster under the case law discussed in this decision. The Commissioner shall also instruct the ALJ to pose a hypothetical question to the vocational expert which includes all of Plaintiff's impairments and limitations, including the limitations expressed by Dr. Bhasker, on pages 327–328 of the transcript. The Commissioner shall, thereafter, issue a new decision consistent with the opinion of this court.

The judgment to be entered will trigger the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (1994) (Equal Access to Justice Act). *See Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).