# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3294

_____

Lee Ford,                                  *

                                    *

          Appellant,            *

                                    *   Appeal from the United States

    v.                           *   District Court for the

                                    *   Eastern District of Arkansas.

Kenneth S. Apfel, Commissioner,   *

Social Security Administration,     *       [UNPUBLISHED]

                                    *

          Appellee.             *

_____

Submitted: May 4, 2000
Filed: May 10, 2000

_____

Before BEAM, LOKEN,  and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Lee Ford appeals the district court's[1] grant of summary judgment in favor of the Commissioner of Social Security, upholding the Commissioner's decision to deny Ford's application for disability insurance benefits.  We affirm.

_____

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

Ford applied for benefits in September 1994, alleging she could not work because of back and side pain. Her application was denied initially and upon reconsideration. Following a hearing, an administrative law judge (ALJ) found that Ford met the disability insured status from August 1992 through September 1997, and that she had not engaged in substantial gainful activity since August 1992. However, he concluded that she did not have an impairment or combination of impairments of listing-level severity. The ALJ also discounted Ford's subjective complaints, finding her testimony not credible. Further, he found her treating physician's opinion unpersuasive, noting the medical findings were inconsistent with a disabling level of pain; he likewise discounted the mental medical assessment of Ford's counselor, because her treating relationship with Ford was of a very short duration, and her assessment was inconsistent with the conclusions of another mental health professional (whom the ALJ considered more qualified, and whose opinion was supported by psychometric testing), Ford's daily activities, and her lack of significant mental health treatment. The ALJ concluded that Ford had the residual functional capacity to perform medium work; that her past relevant work as a cashier and secretary did not require activity precluded by the medium-work restrictions; and that she could therefore perform her past relevant work. Finally, after completing a Psychiatric Review Technique Form, the ALJ determined that Ford suffered from situational depression, with no listing-level functional limitations.

For reversal, Ford argues that the Commissioner's decision is not supported by substantial evidence on the record as a whole; that the ALJ improperly discounted her treating physician's opinion, because the evidence did not refute it; and that the ALJ was wrong to discount the extent of Ford's mental impairment, because its severity was supported by sufficient and persuasive evidence.

Having carefully reviewed the record, taking into consideration evidence that supports, as well as detracts from, the final decision, we conclude that the district court properly granted summary judgment in favor of the Commissioner. See Pyland v.

Apfel, 149 F.3d 873, 876 (8th Cir. 1998) (standard of review). First we reject Ford's argument that the Commissioner's decision is not supported by substantial evidence. Although Ford alleges that she was unable to work due to back and side pain since August 1992, the record does not show that she sought medical treatment for this condition prior to February 1993, and no objective medical evidence supports her complaints of disabling pain. To the contrary, Dr. Schnapp's physical examination of Ford, as well as various x-rays, scans, and ultrasounds, revealed no abnormalities. Additionally, Ford's use of prescription medicines was limited, none of her physicians restricted her physical activities, she failed to allege a disabling mental impairment in her application, and had not sought mental health treatment prior to November 1996. See Smith v. Shalala, 987 F.2d 1371, 1374-75 (8th Cir. 1993) (decision denying benefits supported by substantial evidence where (1) claimant showed no evidence of significant limitation of motion, motor loss, muscle weakness, or sensory or reflex loss; (2) claimant's physicians prescribed only muscle relaxers and mild pain relievers, and placed no restrictions on claimant's activities; (3) claimant failed to allege disabling mental impairment on benefits application; and (4) psychiatric examination revealed no disorders).

As to the ALJ's discounting of the assessment of Ford's treating physician, we find the physician's findings regarding Ford's physical limitations to be conclusory, contrary to the minimal objective evidence, and unsupported by the record. See Haggard v. Apfel, 175 F.3d 591, 595 (8th Cir. 1999) (treating physician's opinion is not afforded deference where it is not supported by his own findings or diagnostic data). Finally, concerning Ford's contention that the ALJ improperly discounted the extent of her mental impairment, we find that substantial evidence supports the ALJ's discounting of the counselor's conclusions. See Gaddis v. Chater, 76 F.3d 893, 895 (8th Cir. 1996) (ALJ did not err in disregarding portion of treating psychiatrist's opinion where it was disputed by other medical evidence and was based on complainant's subjective complaints which were found not credible).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.