

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2006

# Leech v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2107

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Leech v. Comm Social Security" (2006). *2006 Decisions.* Paper 1217.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1217

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2107

JOYCE E. LEECH,
Appellant

v.

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-01274)
District Judge: Honorable Thomas M. Hardiman

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2006

Before: RENDELL and AMBRO, <u>Circuit</u> <u>Judges</u>,
and SHAPIRO, <u>District</u> <u>Judge</u>*

(Filed April 26, 2006)

OPINION OF THE COURT

* Honorable Norma L Shapiro, Senior District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.

RENDELL, *Circuit Judge.*

Joyce E. Leech appeals the District Court's order affirming the Social Security Commissioner's determination that she is not disabled and therefore not entitled to Disability Insurance Benefits ("DIB") under the Social Security Act. Because we find that substantial evidence supports the Administrative Law Judge's ("ALJ") determination that Leech has residual functional capacity to perform work that exists in significant numbers in the national economy, we will affirm.

## I. Facts

Because the parties are familiar with the facts, we will provide only a brief summary of the events leading up to the appeal.

On February 13, 2003, Leech filed an application for DIB, alleging disability as of October 10, 2001, due to vocal loss, breathing disabilities and neck and back pain.

She was forty-two at the time of the ALJ's decision. She graduated from high school and completed three years of college, and, in the past, she had worked as a licensed practical nurse, a medical records clerk, a unit clerk and a book reader. She has not been employed since October 10, 2001. During her alleged disability, Leech cared for most of her daily needs, including cooking, cleaning, laundry, grocery shopping and walking her dogs, and had not required any assistance for approximately one year prior to her hearing before the ALJ. At a hearing before the ALJ, Leech testified that she suffered from several medically determinable impairments, including degenerative disc

2

disease, obesity, urinary incontinence, mild bilateral carpal tunnel syndrome, gastroesophageal reflux disease and vocal fold paresis/muscular tension dysphonia.

The objective medical evidence that Leech presented did not support her subjective complaints. For example, Leech complained that she was disabled due to a weak voice and testified that, for a time, she could not speak at all. However, Leech's physician reported that her voice was normal during a forty-minute examination, and her otolaryngologist reported that her neck, throat, mouth, nose and ears, as well has her general appearance, were normal. She also complained the she suffered from gastroesophageal reflux disease, but Dr. Wald, her gastroenterologist, diagnosed her with minimal reflux, and another examining doctor questioned whether she had reflux disease at all. Leech also claimed that she was disabled as a result of radiating neck, back and leg pain and testified that she had difficulty walking and, at times, moving her neck. However, her diagnostic tests showed that she had very mild degenerative joint disease, but no fractures, herniated discs, nerve root impingement, spinal canal stenosis, neurological deficits, nor any significant degenerative abnormalities. Furthermore, her physician stated that light or sedentary work would "certainly" be permissible.

Dr. Bryan, a state agency physician, reviewed Leech's medical records and determined that she could lift moderate amounts of weight, stand or walk for six hours in an eight-hour workday, sit for six hours in an eight-hour workday, and had no push/pull limitations. He also believed that the severity and duration of Leech's alleged symptoms

3

were disproportionate to her medically determinable impairments and her complaints were embellished.

Dr. Ostrowski, a vocational expert ("VE") who testified as an impartial witness, stated that Leech could perform a significant number of jobs that existed within the national economy and that such jobs were available with a sit/stand option.

The ALJ found that Leech's subjective complaints were not fully credible, and determined that, while Leech suffers from several impairments, she is not disabled under the SSA, because there are a significant number of jobs in the national economy that she can perform.

## II. Discussion

### A. Standard of Review

We review the ALJ's decision, which constitutes the Commissioner's final decision, to determine whether it was supported by substantial evidence. 42 U.S.C. § 405(g); *Monsour Medical Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986). Substantial evidence is less than a preponderance but more than a scintilla; it is "such relevant evidence as a reasonable mind might accept as adequate." *Boone v. Barnhart*, 353 F.3d 203, 205 (3d Cir. 2004).

### B. Substantial Evidence Determination

### 1. Leech's Residual Functional Capacity to Work

Leech argues that the ALJ erred in finding that she retains residual functional

capacity to perform light, sedentary work. There was considerable evidence in the record, including the statements of Leech's doctors, that indicated that she did not suffer from a debilitating medical condition, and Leech's treating physician opined that she was "certainly" able to perform light sedentary work. Furthermore, the state agency physician, who is considered a highly qualified expert in Social Security Disability Evaluations, 20 C.F.R. § 404.1527(f)(2)(I), opined that Leech could perform light work. Moreover, Leech testified that she cared for her own daily needs, such as cooking, cleaning, and walking her three dogs. She also took computer and language classes during her alleged period of disability.

The ALJ's determination that Leech retains residual functional capacity is accordingly supported by substantial evidence.

## 2. Ability to Perform Jobs that Exist in the National Economy

The Commissioner's finding that Leech could perform jobs that exist in significant numbers in the national economy was similarly well-founded. The Social Security regulations provide that, where a claimant can perform either light or sedentary work, but must alternate periods of sitting and standing, "a VS (vocational specialist) should be consulted to clarify the implications for the occupational base." *See* 20 C.F.R. § 404.1566(e). In this case, a vocational expert testified, without qualification, that Leech would be able to perform a significant number of light jobs with a sit/stand option and that such jobs exist within the national economy. The VE's unqualified, uncontradicted

testimony provided substantial evidence for the ALJ's holding.

### 3. Subjective Symptoms and Credibility

Leech's final argument, that the ALJ erred in injecting personal bias into her credibility determination regarding Leech's subjective complaints of pain and disability and, thus, deprived her of a fair hearing, lacks merit.

The ALJ provided Leech a full and fair hearing and impartially considered all of the evidence before she determined that Leech's subjective complaints of pain were not fully credible. The ALJ based her determination on the lack of support in the objective medical records, inconsistencies between Leech's testimony and the doctors' reports, and Leech's other possible motivations for embellishing her complaints. Although Leech complained of debilitating pain, there is considerable evidence in the record, including the opinions of several of Leech's doctors, that she did not suffer from any debilitating medical conditions. The substantial inconsistencies between her subjective complaints and the medical evidence undermine her credibility. *See Burns v. Barnhart*, 312 F.3d 113, 130-31 (3d Cir. 2002) (holding that the ALJ may reject testimony of subjective complaints where it is not consistent with medical evidence). Moreover, it was not improper for the ALJ to consider Leech's financial interest in her ongoing worker's compensation claim and underlying Social Security disability benefits claim and her possible addiction when making the credibility determination. *See Gaddis v. Heckler*, 76 F.3d 893, 896 (8 th Cir. 1996) (affirming an ALJ's determination that a "strong element

6

of secondary gain" diminished the credibility of the claimant's objective complaints).

Thus, substantial evidence supports the ALJ's credibility determination.

### III. Conclusion

For the foregoing reasons, we will affirm the order of the District Court.