Jesse **CHANT, Jr.,** Plaintiff,

v.

John J. **CALLAHAN, Ph.D.,** Acting Commissioner of Social Security, Defendant.

No. 8:97CV35.

United States District Court, D. Nebraska.

Sept. 17, 1997.

Lee R. Terry, Omaha, NE, for Plaintiff.

SaraBeth Donovan, Asst. U.S. Atty., Omaha, NE, for Defendant.

## MEMORANDUM AND ORDER

SHANAHAN, District Judge.

Before the court is filing no. 1, the complaint filed by the plaintiff, Jesse Chant, Jr., seeking judicial review of the decision by John J. Callahan, Ph.D., acting commissioner (Commissioner) of the Social Security Administration. The Commissioner denied both Chant's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and Chant's application for supplemental security income (SSI) benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. This court has jurisdiction pursuant to 42 U.S.C. § 405(g) (enabling judicial review of the Social Security Administration under Title II). See also 42 U.S.C. § 1383(c)(3) (providing judicial review to the same extent as the Commissioner's final determination under § 205).

On December 6, 1993 Chant filed claims for social security disability insurance benefits and SSI benefits. In a decision dated March 2, 1995 [Tr. 31], after a hearing on February 21, 1995, [Tr. 13] an Administrative Law Judge (ALJ) denied Chant's claims for disability and SSI benefits. The Appeals Council of the Social Security Administration denied review on November 15, 1996 [filing no. 1]. Chant then filed case No. 8:97CV35 requesting inter alia that the decision of the Commissioner be reviewed and set aside, and that Chant's claim for disability and SSI be allowed or that Chant's case be remanded for further proceedings. [filing no. 1].

## BACKGROUND

Jesse Chant, Jr. (Chant) was born on November 15, 1953. [Tr. 14]. Upon completion of the eighth grade, Chant worked in a number of labor intensive jobs, including meat plant laborer, screen printer's helper, automobile wrecker, and cement worker. [Tr. 16]. Chant testified on February 21, 1995 that he was unable to work due to high blood pressure, emotional problems, Hepatitis C and chronic low back pain stemming from a work-related injury. [Tr. 14]. Chant further testified that chronic low back problems prevent Chant from sitting for more than 45 minutes. [Tr. 86]. Once forty-five minutes have lapsed, Chant is then able to stand for "about an hour." [T–85]. According to Chant's testimony, alternating between sitting and standing enables Chant to go for "about two hours" before laying down. [T–86].

Chant's ailments have prompted numerous psychological and physiological evaluations. In reviewing Chant's psychological and physiological evaluations, the ALJ employed the sequential five-step process for evaluating disability under §§ 404.1520 and 416.920 of the Social Security Administration's Regula-

tions No. 4 and No. 16, and determined that Chant was not disabled pursuant to 42 U.S.C. § 423(d)(1)(A). [Tr. 14]. Chant challenges the ALJ's findings on the following grounds: (1) that the ALJ improperly determined that Chant has a functional capacity to perform a wide range of light occupations; (2) that the ALJ improperly downplayed Chant's psychiatric problems; and (3) that the ALJ improperly discrediting Chant's psychiatric problems in light of existing medical evidence.

## ANALYSIS

A court's review of the Commissioner's decision is limited to determining whether the ALJ's decision is supported by "substantial evidence on the record as a whole." *Gaddis v. Chater*, 76 F.3d 893, 895 (8th Cir. 1996). Substantial evidence is "less than preponderance, but enough that a reasonable mind might find it adequate to support the conclusion." *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir.1997) (citing *Oberst v. Shalala*, 2 F.3d 249, 250 (8th Cir.1993)). Substantial evidence exists if a reasonable mind would deem the evidence adequate to support the conclusion. *Long v. Chater*, 108 F.3d 185, 188 (8th Cir.1997). "The court does not reweigh the evidence or 'reverse a decision of the [Commissioner] merely because substantial evidence would have supported an opposite conclusion.'" *Id.; Harris v. Shalala*, 45 F.3d at 1193.

Therefore, the court must determine if substantial evidence supports the ALJ's findings that Chant was not disabled pursuant to 42 U.S.C. § 423(d)(1)(A). 42 U.S.C. § 423(d)(1)(A) defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." The burden of showing a medically determinable impairment is on the claimant. See § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless the claimant furnishes such medical and other evidence of the existence thereof as the Commissioner ... may require."); Accord 20 C.F.R. § 404.1505(a) (regarding disability insurance benefits) and § 416.905(a) (regarding SSI).

20 C.F.R. § 1520 sets out a "five-step sequential evaluation process for determining whether a person is disabled." *Riley v. Shalala*, 18 F.3d 619, 621 (8th Cir.1994). See also 20 C.F.R. § 416.920 (the same five-step analysis applies for SSI). First, the Commissioner determines whether the claimant is presently engaged in a "substantial gainful activity." *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir.1997) (citing *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir.1993)); *Roe v. Chater*, 92 F.3d 672, 674 n. 1 (8th Cir. 1996). Second, the Commissioner analyzes whether the claimant has a severe impairment—one that significantly limits the claimant's physical or mental ability to perform basic work activities. *Ingram*, 107 F.3d at 601. Third, the Commissioner determines whether the claimant has an impairment that meets or equals an impairment listed in the regulations; if so, the Commissioner finds that the claimant is disabled without considering the claimant's age, education and work experience. *Id.* Fourth, the Commissioner considers the claimant's residual functional capacity and the physical and mental demands of the claimant's past work to determine whether the claimant can still perform the work. *Id.* If the claimant has the residual capacity to perform that work, the Commissioner finds that the claimant is not disabled. *Roe*, 92 F.3d at 674 n. 1. Finally, if the Commissioner determined that the claimant cannot perform the past work, the Commissioner determines whether any substantial gainful activity exists in the national economy which the claimant can perform. *Ingram*, 107 F.3d at 601. Using this criteria, the ALJ determined that

in spite of the limitations associated with [Chant's] impairments, during no period of at least twelve continuous months since October 29, 1993, has [Chant] lacked the residual functional capacity to perform a wide range of light occupations which ... exist in [Chant's] geographic region in significant numbers. [Chant] cannot be found disabled therefore within the meaning of the Social Security Act; and

That pursuant to the criteria for evaluating pain and other subjective complaints under *Polaski v. Heckler,* 739 F.2d 1320, 1321–22 (8th Cir.1984), [Chant's] testimony, insofar as it is related to disabling subjective complaints, was not credible and therefore, is not entitled to weight and consideration.

[Tr. 31].

A. *Assessing the Credibility of Claimant's Subjective Complaints:*

■ In assessing the claimant's disability and formulating hypothetical questions posed to the vocational expert, the ALJ determined that no objective medical evidence supported Chant's subjective complaints of pain. [Tr. 25–27]. Specifically, the ALJ determined that:

[w]hile documentary evidence establishes the existence of medically determinable impairments ... [the record] contains nothing which would suggest a medical condition that has been totally incapacitating for a period of at least twelve continuous months.... It is noted that despite all [of Chant's] complaints, ... objective medical tests have all been negative ... The record contains a number of inconsistent statements made by both [Chant] and his wife.... Accordingly, with respect to any assertion of total incapacity, [Chant] has failed to establish credibility.

[Tr. 25–27]. When the record does not fully support an individual's subjective complaints of pain, the ALJ may not, based solely on the ALJ's personal observations, reject the complaints as incredible. See, e.g., *Sullins v. Shalala,* 25 F.3d 601, 603 (8th Cir.1994), *cert. denied,* 513 U.S. 1076, 115 S.Ct. 722, 130 L.Ed.2d 627 (1995). Rather, the ALJ must consider all the evidence relating to the claimant's subjective complaints, including the claimant's previous work record, observations by third parties and treating and examining physicians relating to his daily activities; the duration, frequency and intensity of the claimant's pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication and any functional restrictions. See *Polaski v. Heckler,* 751 F.2d 943, 948–50 (8th Cir.1984) (Polaski I). If, based on the foregoing factors, the ALJ determines that the claimant's subjective complaints are not fully credible, the ALJ must make an express credibility finding and give reasons for discrediting the claimant's testimony. See *Hall v. Chater,* 62 F.3d 220, 223 (8th Cir.1995); *Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir.1995) ("Where conflicting allegations and claims exist, credibility findings are for the ALJ to make.").

■ The ALJ has made an express credibility finding regarding Chant's subjective complaints of pain and given numerous reasons for discrediting the claimant's testimony. These findings include: (1) Despite testimony regarding extreme and progressively worsening back pain, claimant has only used over-the-counter pain medication. [Tr. 25A] See *Comstock v. Chater,* 91 F.3d 1143, 1147 (8th Cir.1996) (concluding that the ALJ properly discounted subjective complaints of pain where applicant failed to pursue regular medical treatment, took no medication other than aspirin, and engaged in daily activities inconsistent with claims of disabling pain); *Loving v. Department of Health and Human Serv.,* 16 F.3d 967, 971 (8th Cir.1994) (finding that taking over-the-counter analgesics inconsistent with complaints of disabling pain); (2) Claimant has not sought treatment at any free or sliding scale clinic despite the severity of claimant's symptomology [Tr. 25A] See *Johnson v. Chater,* 108 F.3d 942, 947 (8th Cir.1997) (determining that failing to seek treatment was inconsistent with claimant's subjective complaints of disabling pain); (3) Objective medical tests do not substantiate claimant's complaints. [Tr. 25] See *McGinnis v. Chater,* 74 F.3d 873, 874 (8th Cir.1996) (finding that claimant's claims should be dismissed where no objective medical evidence substantiated claimant's disability claims); (4) Claimant has had a sporadic and variable work history. [Tr. 16] See *Pena v. Chater,* 76 F.3d 906, 908 (8th Cir.1996) (noting that a sporadic work history is relevant in determining claimant's credibility); (5) Claimant alleges short-term memory losses despite psychological assessments that the claimant's short and intermediate memory were in tact [Tr. 25A]; (6) A psychological evaluation of the claimant indicates that the claimant's memory problems were exaggerated [Tr.

25A] See generally *Jenkins v. Bowen,* 861 F.2d 1083, 1086 (8th Cir.1988) (noting that exaggeration of symptoms is a factor to be weighed in evaluating subjective complaints of pain); (7) Medical reports question the claimant's veracity [Tr. 25A]; (8) Chant claimed to have suffered a stroke, although a cat scan was unremarkable and showed no evidence of a cerebrovascular accident [Tr. 253–55]; *Brown v. Chater,* 87 F.3d 963, (8th Cir.1996) (noting that a lack of objective medical evidence to substantiate a medically determinable impairment justified a denial of benefits); (9) Claimant has made numerous inconsistent statements; [See Tr. 25–26 chronicling claimant's inconsistent statements] *Chamberlain,* 47 F.3d at 1495 (noting that inconsistent statements on the part of a claimant justified a non-disability determination) ]; and (10) Inconsistencies exist in the record as a whole. [See Tr. 25–26]. See *Sullins,* 25 F.3d at 603 (finding that subjective complaints of pain may be "discounted if there are inconsistencies in the evidence as a whole"). See *Jones v. Callahan,* 122 F.3d 1148, 1151 (8th Cir.1997) ("Although an ALJ may not disregard a claimant's subjective complaints of pain merely because the medical evidence is inconsistent with the claimant's description of the extent and severity of his pain, the ALJ may discount these complaints if there are inconsistencies in the evidence as a whole.")

Applying the criteria established in *Polaski I,* the ALJ concluded that the lack of supporting objective medical evidence regarding Chant's physiological and psychological impairments, coupled with evidence that Chant exaggerated the severity of his symptoms, dictated a finding that Chant's subjective complaints of pain were not fully credible. Accordingly, the court will "not disturb the decision of an ALJ who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain." *Browning v. Sullivan,* 958 F.2d 817, 821 (8th Cir.1992).

*B. Hypothetical Questions to a Vocational Expert.*

■ Testimony of a vocational expert constitutes substantial evidence only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies. See *Porch v. Chater,* 115 F.3d 567, 572–73 (8th Cir.1997); *Pickney v. Chater,* 96 F.3d 294, 297 (8th Cir.1996); *Ekeland v. Bowen,* 899 F.2d 719, 722 (8th Cir.1990) (hypothetical can constitute substantial evidence if it include all of the claimant's impairments). A correctly phrased hypothetical question includes all impairments that are substantially supported by the record as a whole. *Porch,* 115 F.3d at 572–73. See also *Johnson,* 108 F.3d 178, 180 (8th Cir.1997) (noting that a vocational expert "need only include those impairments that the ALJ accepts as true"); *Long,* 108 F.3d 185, 188 (8th Cir.1997) (finding that the Commissioner may pose hypothetical questions to a vocational expert, the parameters of which do not have to include any alleged impairments that the ALJ has rejected as untrue); *Chamberlain,* 47 F.3d at 1495 (concluding that hypothetical question must include all credible impairments).

■ While it is clear that questions posed to vocational experts should accurately set forth the claimant's particular physical and mental impairments, *Greene v. Sullivan,* 923 F.2d 99, 101 (8th Cir.1991), a proper hypothetical question is sufficient if it sets forth the impairments that are accepted as true by the ALJ. *House v. Shalala,* 34 F.3d 691, 694 (8th Cir.1994) (citing *Roberts v. Heckler,* 783 F.2d 110, 112 (8th Cir.1985)). Therefore, the court's analysis of the sufficiency of the ALJ's hypothetical question involves a determination of whether Chant's impairments were properly accepted by the ALJ.

■ As previously discussed, the record did not fully support Chant's subjective complaints of pain. Since substantial evidence supports the ALJ's findings regarding the lack of credibility surrounding Chant's claims, the ALJ appropriately did not include Chant's alleged impairment that Chant could only sit for forty-five minutes at one time, stand for one hour at one time, and could only alternate between standing and sitting for a two hour period, in the hypothetical. See *Haynes v. Shalala,* 26 F.3d 812, 815 (8th Cir.1994) ("A hypothetical question need only

include those impairments that the ALJ accepts as true.").

To determine whether the ALJ properly accepted Chant's psychological difficulties as "moderate," the court turns to an analysis of the record as a whole. Two excerpts exist in the record referring to Chant's psychological afflictions as severe. The first excerpt is a reference by Dr. Donaldson who noted that Chant suffered acute encephalopathy with severe mental status changes. [Tr. 19]. Dr. Donaldson indicated that the mental changes were clearing. [Tr. 249]. Shortly after Dr. Donaldson's evaluation, Chant underwent a subsequent psychological evaluation. [Tr. 20]. The subsequent psychological evaluation revealed that

> the patient's mood is slightly dysphoric with normal effect. There is no looseness of association or flight of ideas. Answers to questions are goal directed and coherent.... The patient denies visual or auditory hallucinations. He denies any perceptual disturbances. He denies homicidal or suicidal ideations. He admits to a hot temper but states he is working on trying to control it.... His short term memory and intermediate memory are intact.... Abstract ability is very good. He is able to calculate serial 7s. He follows directions well.... It became apparent that the patient and his wife were less than forthcoming with accurate information regarding their situation. However, the patient continued to appear to have a stable mood.

[Tr. 289–90]. The second excerpt regarding claimant's "severe" psychological affliction is a conclusion by Dr. Dietrich. Dr. Dietrich concluded that the claimant's "anger does not appear to allow us [sic] job placement." [Tr. 21]. The ALJ, however, discounted Dr. Dietrich's conclusion on the grounds that Dr. Dietrich is not a psychologist or a psychiatrist. [Tr. 26]. Following Dr. Dietrich's evaluation, Chant underwent a psychological evaluation by Barbara C. Schuett, M.A. (Schuett). Schuett's evaluation revealed that (1) Chant was "oriented in all spheres." [Tr. 314]; (2) Chant was perhaps was exaggerating memory problems; [Tr. 314]; (3) no evidence of psychosis existed; [Tr. 314]; and (4)

Chant has been able to adapt to changes in life.

Upon review of the record, the Court finds that substantial evidence supports the ALJ's determination that Chant's psychological afflictions could adequately be described as moderate. Specifically, evidence questioning the veracity of Chant's psychological symptomology coupled with psychological evaluations challenging the severity of Chant's psychological afflictions, support the ALJ's conclusion.

Chant further contends that the ALJ erred by not ordering additional psychological evaluations. Clearly, an ALJ has a duty to develop the record fully and fairly even if, as in this case, the claimant is represented by counsel. *Warner v. Heckler,* 722 F.2d 428, 431 (8th Cir.1983). "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for the ALJ to make an informed decision." *Dozier v. Heckler,* 754 F.2d 274, 276 (8th Cir.1985). The ALJ, however, is only required to order psychological examinations and tests if the psychological records presented to the ALJ do not give sufficient medical evidence to determine whether the claimant is disabled. *Barrett v. Shalala,* 38 F.3d 1019, 1023 (8th Cir.1994); *Conley v. Bowen,* 781 F.2d 143, 146 (8th Cir.1986). Upon review of the record, the court concludes that the ALJ did not err in deciding not to order additional psychological evaluations. The court notes that the Social Security Administration had previously ordered a psychological evaluation of Chant. [Tr. 21]. Further, consistent with the ALJ's findings, Chant's has either exaggerated his psychological symptomology or has been less than forthcoming with accurate information. [See Tr. 22 "perhaps the memory problems have been exaggerated," Tr. 20 perhaps plaintiff was "less than forthcoming with accurate information regarding [his] situation," Tr. 23 additional memory testing "would probably not help any as most likely he would 'just say he can't remember as he did during the interview' "]. Upon review and consideration of the record, the court finds and concludes that sufficient medical evidence exists to enable the ALJ to make an informed and con-

sistent decision regarding plaintiff's psychological condition such that the ALJ did not error by choosing not to order additional psychological evaluations.

THEREFORE, IT IS ORDERED:

1. That the decision of the defendant John J. Callahan, Rh.D., the Acting Commissioner of Social Security, denying the claims of the plaintiff Jesse Chant, Jr., for disability insurance benefits and SSI benefits is affirmed;

2. That the complaint of the plaintiff, Jesse Chant, Jr., appealing the decision that denies disability insurance benefits and SSI benefits to the plaintiff, is dismissed with prejudice; and

3. That each party shall bear his or its own costs.