Jinx L. McNEECE–HENDRICK,
Plaintiff,

v.

John J. CALLAHAN, Ph.D., Acting
Commissioner of Social
Security, Defendant.

No. 8:96CV391.

United States District Court,
D. Nebraska.

Oct. 29, 1997.

James A. Widfeldt, Atkinson, NE, for Plaintiff.

SaraBeth Donovan, Asst. U.S. Atty., Omaha, NE, for U.S.

MEMORANDUM AND ORDER

SHANAHAN, District Judge.

Before the court is filing no. 1, the complaint filed by the plaintiff, Jinx L. McNeece–Hendrick, seeking judicial review

of the decision by John J. Callahan, Ph.D., acting commissioner (Commissioner) of the Social Security Administration. The Commissioner denied both McNeece–Hendrick's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and McNeece–Hendrick's application for supplemental security income (SSI) benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. This court has jurisdiction pursuant to 42 U.S.C. § 405(g) (enabling judicial review of the Social Security Administration under Title II). See also 42 U.S.C. § 1383(c)(3) (providing judicial review to the same extent as the Commissioner's final determination under § 205).

On July 29, 1993 Jinx L. McNeece–Hendrick (McNeece–Hendrick) filed claims for social. security disability insurance benefits and SSI benefits. After a hearing on May 16, 1994, [Tr. 42], an Administrative Law Judge (ALJ) denied McNeece–Hendrick's claims for disability and SSI benefits. [Tr. 25] The Appeals Council of the Social Security Administration denied review on May 16, 1996. [filing no. 1]. McNeece–Hendrick then filed case No. 8:96CV391 requesting *inter alia* that the decision of the Commissioner be reviewed and set aside, and that McNeece–Hendrick's claim for disability and SSI be allowed or that McNeece–Hendrick's case be remanded for further proceedings. [filing no. 1].

## BACKGROUND

McNeece–Hendrick was born on July 5, 1949. [Tr. 49]. Upon graduating from high-school [Tr. 57], McNeece–Hendrick performed semi-skilled work for Bedkton Dickerson. [Tr. 59 and 110]. McNeece–Hendrick testified on May 16, 1994 that she was unable to work due to injuries sustained to her back, right knee, right ankle, right wrist, right ear, and left hip. [Tr. nos. 19, 63, 66, 68, 69, 70, 85, and 93]. McNeece–Hendrick alleges that these afflictions prevent her from sitting for more than one hour, [Tr. 75] and standing for more than ten minutes. [Tr. 85–86]. McNeece–Hendrick also testified that she is able to occasionally lift twen-ty pounds [Tr. 76] and walk a one-quarter mile distance. [Tr. 67].

McNeece–Hendrick's ailments have prompted numerous physiological evaluations. In reviewing McNeece–Hendrick's physiological evaluations, the ALJ employed the sequential five-step process for evaluating disability under §§ 404.1520 and 416.920 of the Social Security Administration's Regulations No. 4 and No. 16, and determined that McNeece–Hendrick was not disabled pursuant to 42 U.S.C. § 423(d)(1)(A). [Tr. 25]. McNeece–Hendrick challenges the ALJ's findings, alleging that (1) the ALJ improperly determined that McNeece–Hendrick was not disabled within the purview of 42 U.S.C. § 423(d)(1)(A) and (2) the ALJ improperly discredited McNeece–Hendrick's subjective complaints of pain and suffering. [Filing no. 1].

## ANALYSIS

A court's review of the Commissioner's decision is limited to determining whether the ALJ's decision is supported by "substantial evidence on the record as a whole." *Grebenick v. Chater,* 121 F.3d 1193, 1197 (8th Cir.1997); *Gaddis v. Chater,* 76 F.3d 893, 895 (8th Cir.1996); see also 42 U.S.C. §§ 405(g), 1383(c)(3) (1994). Substantial evidence is "less than preponderance, but enough that a reasonable mind might find it adequate to support the conclusion." *Lawrence v. Chater,* 107 F.3d 674, 676 (8th Cir.1997) (citing *Oberst v. Shalala,* 2 F.3d 249, 250 (8th Cir. 1993)); *Trossauer v. Chater,* 121 F.3d 341, 342 (8th Cir.1997). Substantial evidence exists if a reasonable mind would deem the evidence adequate to support the conclusion. *Long v. Chater,* 108 F.3d 185, 188 (8th Cir. 1997). "The court does not reweigh the evidence or 'reverse a decision of the [Commissioner]' merely because substantial evidence would have supported an opposite conclusion." *Id.; Gallus v. Callahan,* 117 F.3d 1061, 1063 (8th Cir.1997).

Therefore, the court must determine whether substantial evidence supports the ALJ's findings that McNeece–Hendrick was not disabled pursuant to 42 U.S.C. § 423(d)(1)(A). 42 U.S.C. § 423(d)(1)(A) defines "disability" as the "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." The burden of showing a medically determinable impairment is on the claimant. See § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless the claimant furnishes such medical and other evidence of the existence thereof as the Commissioner ... may require."); Accord 20 C.F.R. § 404.1505(a) (regarding disability insurance benefits) and § 416.905(a) (regarding SSI).

20 C.F.R. § 1520 establishes a "five-step sequential evaluation process for determining whether a person is disabled." *Grebenick,* 121 F.3d at 1197; *Johnson v. Chater,* 108 F.3d 942, 944 (8th Cir.1997); *Riley v. Shalala,* 18 F.3d 619, 621 (8th Cir.1994). See also 20 C.F.R. § 416.920 (the same five-step analysis applies for SSI). First, the Commissioner determines whether the claimant is presently engaged in a "substantial gainful activity." *Ingram v. Chater,* 107 F.3d 598, 601 (8th Cir.1997) (citing *Smith v. Shalala,* 987 F.2d 1371, 1374 (8th Cir.1993)); *Roe v. Chater,* 92 F.3d 672, 674 n. 1 (8th Cir.1996). Second, the Commissioner analyzes whether the claimant has a severe impairment—one that significantly limits the claimant's physical or mental ability to perform basic work activities. *Ingram,* 107 F.3d at 601. Third, the Commissioner determines whether the claimant has an impairment that meets or equals an impairment listed in the regulations; if so, the Commissioner finds that the claimant is disabled without considering the claimant's age, education and work experience. *Id.* Fourth, the Commissioner considers the claimant's residual functional capacity and the physical and mental demands of the claimant's past work to determine whether the claimant can still perform the work. *Id.* If the claimant has the residual capacity to perform that work, the Commissioner finds that the claimant is not disabled. *Roe,* 92 F.3d at 674 n. 1. Finally, if the Commissioner determined that the claimant cannot perform the past work, the Commissioner determines whether any substantial gainful activity exists in the national economy which the claim-

ant can perform. *Ingram,* 107 F.3d at 601. Using this criteria, the ALJ determined that at all relevant times, the Claimant has had the residual functional capacity to perform jobs that exist in significant numbers in here regional economy. Accordingly, the Claimant is not "disabled," under the "Social Security Act." [Tr. 21]. In making this determination, the ALJ also determined that McNeece–Hendrick's testimony, insofar as it is related to disabling subjective complaints, was not credible and therefore, was not entitled to weight and consideration. [Tr. 21–23].

## A. Assessing the Credibility of Claimant's Subjective Complaints:

■ When the record does not fully support an individual's subjective complaints of pain, the ALJ may not, based solely on the ALJ's personal observations, reject the complaints as incredible. See, e.g., *Sullins v. Shalala,* 25 F.3d 601, 603 (8th Cir.1994), *cert. denied,* 513 U.S. 1076, 115 S.Ct. 722, 130 L.Ed.2d 627 (1995). Rather, the ALJ must consider all the evidence relating to the claimant's subjective complaints, including: (1) the claimant's previous work record; (2) observations by third parties and treating and examining physicians relating to her daily activities; (3) the duration, frequency and intensity of the claimant's pain; (4) precipitating and aggravating factors; (5) dosage, effectiveness and side effects of medication and; (6) any functional restrictions. *Long,* 108 F.3d at 187 (citing *Polaski v. Heckler,* 751 F.2d 943, 948–50 (8th Cir.1984) (*Polaski I* )).

■ If, based on the foregoing factors, the ALJ determines that the claimant's subjective complaints are not fully credible, the ALJ must make an express credibility finding and give reasons for discrediting the claimant's testimony. See *Hall v. Chater,* 62 F.3d 220, 223 (8th Cir.1995); *Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir.1995) ("Where conflicting allegations and claims exist, credibility findings are for the ALJ to make.").

■ Using the factors delineated in *Polaski I,* the ALJ has made an express credibili-

ty finding regarding McNeece–Hendrick's subjective complaints of pain and given numerous reasons for discrediting the claimant's testimony. These findings include: (1) Despite testimony regarding extreme pain, claimant has only used over-the-counter pain medication. [Tr. 22 and 65] See *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir.1996) (citing *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993) (holding that pain which can be remedied or controlled with over-the-counter analgesics normally will not support a finding of disability)); *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir.1996); (holding that use of over-the-counter pain relievers, such as aspirin, suggests that the severity of her pain is not so great as to preclude light exertional type work); *Comstock v. Chater*, 91 F.3d 1143, 1147 (8th Cir.1996) (concluding that the ALJ properly discounted subjective complaints of pain where applicant failed to pursue regular medical treatment, took no medication other than aspirin, and engaged in daily activities inconsistent with claims · of disabling pain); *Loving v. Department of Health and Human Serv.*, 16 F.3d 967, 971 (8th Cir.1994) (finding that taking over-the-counter analgesics was inconsistent with complaints of disabling pain).

(2) Claimant has not sought medical treatment for her knee and right hand injuries despite the severity of claimant's alleged symptomology. [Tr. 22]. See *Johnson*, 108 F.3d at 947 (determining that failing to seek treatment was inconsistent with claimant's subjective complaints of disabling pain); *Long*, 108 F.3d at 188 (noting that individual's complaints of "functional limitations were inconsistent with her failure to take prescription pain medication or to seek regular medical treatment"); *Soger v. Railroad Retirement Bd.*, 974 F.2d 90, 93–94 (8th Cir.1992) (ALJ properly discredited subjective complaints of pain where applicant failed to seek medical treatment for pain, refused any pain medication and testified that he could mow lawn, shop and walk daughter to park.); *Wingert v. Bowen*, 894 F.2d 296, 299 (8th

Cir.1990) (applicant for benefits did not visit physician for conditions or take any regular medication except for aspirin).

(3) McNeece–Hendrick alleges that her symptoms have intensified without providing probative medical evidence of an illness or injury that may explain· the alleged exacerbation. [Tr. 22] See generally See *McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir.1996) (finding that claimant's claims should be dismissed where no objective medical evidence substantiated claimant's disability claims); *Brown v. Chater*, 87 F.3d 963, (8th Cir.1996) (noting that a lack of objective medical evidence to substantiate a medically determinable impairment justified a denial of benefits); *Jenkins v. Bowen*, 861 F.2d 1083, 1086 (8th Cir.1988) (noting that exaggeration of symptoms is a factor to be weighed in evaluating subjective complaints of pain).

(4) Inconsistencies exist in the record as a whole; *Chamberlain*, 47 F.3d at 1495 (noting that inconsistent statements on the part of a claimant justified a non-disability determination) ]; *Sullins*, 25 F.3d at 603 (finding that subjective complaints of pain may be "discounted if there are inconsistencies in the evidence as a whole"); *Jones v. Callahan*, 122 F.3d 1148, 1151 (8th Cir.1997) ("Although an ALJ may not disregard a claimant's subjective complaints of pain merely because the medical evidence is inconsistent with the claimant's description of the extent and severity of his pain, the ALJ may discount these complaints if there are inconsistencies in the evidence as a whole."); (5) Inconsistencies exist between claimant's subjective complaints of pain and her daily living patterns.[1] *Pena*, 76 F.3d at 908 (discrediting applicant's testimony regarding pain and severity of restrictions based upon applicant's ability to provide child care, drive a car, and sometimes go to grocery store); *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir.1997) (finding housework, cooking, shopping, attending GED classes, and preparing for and teaching Sunday school classes were inconsistent with claims of physical and mental impairment); *Loving*, 16 F.3d at 970–71 (concluding that watching television, reading, vis-

---

**1.** McNeece–Hendrick's activities include driving, reading, sewing, grocery shopping, washing dishes, cooking, cross-stitching, vacuuming, dust-

ing, doing laundry, and light housekeeping. [Tr. nos. 22, 52, 58, 74, 75, 78–82, and 198]

iting people, going to church, and driving his truck thirty to forty miles per week were inconsistent with subjective complaints of a disability).

These findings enabled the ALJ to concluded that McNeece–Hendrick's subjective complaints of pain were not fully credible. Accordingly, the court will not disturb the decision of an ALJ who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain. *Pena,* 76 F.3d at 908; *Sullins,* 25 F.3d at 604; *Browning v. Sullivan,* 958 F.2d 817, 821 (8th Cir.1992).

### B. Duty to Develop the Record

McNeece–Hendrick contends that the ALJ failed to properly develop the record by (1) not allowing the vocational rehabilitation expert an opportunity to prepare, and (2) not adequately evaluating McNeece–Hendrick's mental disorders or ordering a psychological evaluation. Clearly, an ALJ has a duty to develop the record fully and fairly even if, as in this case, the claimant is represented by counsel. See *Jones v. Chater,* 65 F.3d 102, 104 (8th Cir.1995); *Bishop v. Sullivan,* 900 F.2d 1259, 1262 (8th Cir.1990) (ALJ has duty to fully and fairly develop record upon which decision is to be made); *Warner v. Heckler,* 722 F.2d 428, 431 (8th Cir.1983). Most significantly, however, reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial. *Shannon v. Chater,* 54 F.3d 484, 488 (8th Cir.1995); *Onstad,* 999 F.2d at 1234. Upon review and consideration of the record, the court finds and concludes that the vocational rehabilitation expert was afforded the opportunity to prepare, and that sufficient objective evidence existed to allow the vocational rehabilitation expert to formulate an opinion. [Tr. 329]. In addition, McNeece–Hendrick has failed to establish that the vocational rehabilitation expert's inability to review McNeece–Hendrick's testimony given on May 16, 1994 was unfair or prejudicial.

Finally, McNeece–Hendrick contends that the ALJ failed to develop the record by not fully exploring McNeece–Hendrick's mental disorders and not ordering a psychological evaluation. The Commissioner's own rules provide that "mental illness is defined and characterized by maladaptive behavior." Social Security Ruling (SSR) 85–15. The rules recognize that "[i]ndividuals with mental disorders often adopt a highly restricted and/or inflexible lifestyle" and "emphasize the importance of thoroughness in evaluation on an individualized basis." *Id.* See generally, *Battles v. Shalala,* 36 F.3d 43 (8th Cir.1994). Indeed, the regulations provide a mandatory procedure to evaluate mental impairments, 20 C.F.R. § 416.920a, and "for examination by a psychiatrist or psychologist when evidence indicates the existence of a mental impairment." *Id.* at § 416.903(e). The only evidence suggesting the existence of depression was McNeece–Hendrick's testimony that she "probably" suffered from depression. [Tr. 92]. Upon further inquiry by the ALJ, McNeece–Hendrick testified that she had not taken any medication for this condition since 1986. [Tr. 92–93] McNeece–Hendrick also testified she no longer needed the medication. [Tr. 92–93]. In addition to the ALJ's inquiry, the ALJ providing McNeece–Hendrick and her attorney, Julie E. Myers, ample opportunity to explorer this subject and provide additional evidence. See *Wingert,* 894 F.2d at 298 (ALJ adequately developed record regarding claimant's issue on appeal when ALJ "conscientiously elicited the facts" and asked if claimant wanted to add any other information addressing issue). McNeece–Hendrick provided no additional information pertaining to a depressive condition. Additionally, McNeece–Hendrick has failed to assert how any of the alleged deficiencies mentioned in the record prejudiced her. See *Highfill v. Bowen,* 832 F.2d 112, 115 (8th Cir.1987) (claimant must show prejudice or unfairness resulting from an incomplete record).

Upon review and consideration of the record, the court finds and concludes, that the ALJ had sufficient medical evidence to determine whether the claimant is disabled and that ordering psychological examinations and tests was unnecessary. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05 (1996); *Barrett v. Shalala,* 38 F.3d 1019, 1023 (8th Cir.1994);

*Conley v. Bowen,* 781 F.2d 143, 146 (8th Cir.1986).

THEREFORE, IT IS ORDERED:

(1) That the decision of the defendant John J. Callahan, Ph.D., the Acting Commissioner of Social Security, denying the claims of the plaintiff Jinx McNeece–Hendrick, for disability insurance benefits and SSI benefits is affirmed;

(2) That the complaint of the plaintiff, Jinx McNeece–Hendrick, appealing the decision that denies disability insurance benefits and SSI benefits to the plaintiff, is dismissed with prejudice; and

(3) That each party shall bear his or its own costs.