Debra R. CALL, Plaintiff,

v.

John C. CALLAHAN, Commissioner
of Social Security, Defendant.

No. 7:96CV614.

United States District Court,
D. Nebraska.

Dec. 30, 1997.

James E. Schneider, North Platte, NE, for Plaintiff.

Susan L. Knight, Assistant U.S. Attorney, Lincoln, NE, for Defendant.

## MEMORANDUM AND ORDER

SHANAHAN, District Judge.

This is an appeal from a final decision of the Commissioner of Social Security. The decision dated October 27, 1995 (Tr. 25–36), by an Administrative Law Judge ("ALJ,") of the Social Security Administration, denied the claims of the plaintiff, Debra R. Call, for disability, insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C.

§§ 1381 et seq. Thereafter, on September 20, 1996, the Appeals Council of the Social Security Administration (Tr. 4–5) denied the plaintiff's request for review of the ALJ's decision. Thus, the ALJ's decision "stands as the final decision of the Commissioner of Social Security" (Tr. 4).

## STANDARD OF REVIEW

The Commissioner's decision must be affirmed if substantial evidence in the record supports the ALJ's determinations. *Jones v. Callahan,* 122 F.3d 1148, 1151 (8th Cir.1997). "Substantial evidence" means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Id.; Johnson v. Chater,* 108 F.3d 942, 944 (8th Cir.1997). The court does not reweigh the evidence or reverse a decision of the Commissioner merely because substantial evidence would have supported an opposite conclusion. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir.1997). When the evidence as a whole can support either outcome, the Commissioner's decision will be affirmed. *Jones v. Callahan,* 122 F.3d at 1151.

## EVALUATION PROCESS AND BURDENS OF PROOF

42 U.S.C. § 423(d)(1)(A) defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Accord 20 C.F.R. § 404.1505(a) (regarding disability insurance benefits) and § 416.905(a) (regarding SSI).

42 U.S.C. § 423(d)(2)(A) explains that to be considered "under a disability," the claimant's medically determinable impairment must render the claimant unable to engage in substantial gainful work which exists in the national economy:

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experi-

ence, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

20 C.F.R. § 404.1520 sets out a "five-step sequential evaluation process for determining whether a person is disabled." *Riley v. Shalala*, 18 F.3d 619, 621 (8th Cir.1994). See also 20 C.F.R. § 416.920 (the same five-step analysis applies for SSI). The five inquiries are as follows:

1. *IS THE CLAIMANT WORKING:* "The [Commissioner] first determines whether the claimant is presently engaged in a 'substantial gainful activity.'" If so, the claimant is not disabled. *Shannon v. Chater*, 54 F.3d 484, 485 (8th Cir.1995).

2. *DOES THE CLAIMANT HAVE A SEVERE IMPAIRMENT:* If the claimant is not currently engaged in substantial gainful activity, "the [Commissioner] next determines whether the claimant's alleged impairment is sufficiently severe, so as to significantly limit the claimant's ability to work." *Id.*

3. *DOES THE CLAIMANT HAVE A "LISTED" IMPAIRMENT:* Next, "the [Commissioner] determines whether the impairment alleged meets or equals an impairment listed in the regulations.... Meeting or equaling a listed impairment qualifies a claimant as disabled and the evaluation ends." *Id.*

4. *CAN THE CLAIMANT PERFORM PAST RELEVANT WORK:* "If the claimant does not meet or equal a listed impairment, the [Commissioner] must determine whether the claimant's impairment prevents [the claimant] from performing [the claimant's] past work." *Id.* at 485–486.

■ 5. *CAN THE CLAIMANT PERFORM OTHER WORK:* If the claimant cannot perform past work, the Commissioner makes a final determination as to whether any substantial gainful activity exists which the claimant can perform. *Porch v. Chater*, 115 F.3d 567, 571 (8th Cir.1997). "Ordinarily, the Commissioner can rely on the testimony of a vocational expert to satisfy this burden." *Id.* Accord *Long v. Chater*, 108 F.3d at 188.

■ As the foregoing summary indicates, the fourth step of the analytical process requires the ALJ to determine whether the claimant is able to perform past relevant work. See 20 C.F.R. § 404.1520(e) and 20 C.F.R. § 416.920(e). Only if the claimant cannot perform past work, does the Commissioner proceed to the fifth step in the analysis. At the fifth stage, the burden shifts to the Commissioner to establish that jobs exist in the national economy which the claimant can perform, given the claimant's age, education and work experience, and despite the claimant's impairments. See 20 C.F.R. § 404.1560(c); *Morse v. Shalala*, 32 F.3d 1228, 1230 n. 2 (8th Cir.1994); *Trew v. Shalala*, 861 F.Supp. 860, 862 (D.Neb.1994).

## THE PLAINTIFF'S APPLICATION

In her applications for disability insurance benefits and SSI in January 1994 (Tr. 121–130), the plaintiff stated that she became unable to work because of her disabling condition on February 1, 1990. The plaintiff described her disabling condition as "back problem, hearing and speech impaired."

At the hearing on August 28, 1995 (Tr. 60–120) before the ALJ, the plaintiff was represented by an attorney. The plaintiff testified that her date of birth was November 7, 1967, that she graduated from McCook Senior High School on May 25, 1986 after completing the 12th grade, and that for two years during school, 1984 and 1985, she attended the Nebraska School for the Deaf.

## THE ALJ'S FINDINGS

The ALJ found as follows (Tr. 34–36):

1. Since February 1, 1990, the claimant has not performed substantial and gainful work.

2. The claimant has the following severe impairments: diminished hearing, mild scoliosis with placement of a Harrington Rod, reactive airway disease, history of bronchitis and allergic rhinitis. In addition, since June 1995, the claimant has experienced back pain and episodic paralysis with a conversion disorder.

3. The claimant does not have an impairment or combination of impairments listed in, or medically equal to, the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1.

4. However, the claimant's impairments have imposed significant limitations upon her ability to function. The claimant cannot perform any activity that requires lifting in excess of 20 pounds occasionally or 10 pounds frequently or which would require the claimant to stoop, kneel, crouch or crawl more than occasionally, or bend and lift frequently. The claimant has a full-scale IQ of 91. She has very little hearing on the right, and she wears a hearing aid in the left ear. The ALJ concluded that the claimant's impairments prevent her from performing her past work as a waitress, cook, dishwasher, food handler, food counter helper and food preparer, all of which constitutes "medium" labor.

5. However, substantial gainful activity exists which the claimant can perform, namely, certain occupations classified as "light" work which exist within the claimant's geographic region in significant numbers, according to the vocational expert who testified at the hearing before the ALJ.

6. Finally, the testimony regarding the severity of the claimant's subjective complaints of pain was not credible.

Consequently, the claimant is not "disabled" within the meaning of the Social Security Act. See 20 C.F.R. § 404.1520(f) and 20 C.F.R. § 416.920(f).

## ARGUMENTS ON APPEAL

On appeal, Call protests the finding that she has the residual functional capacity to perform substantial gainful activity in the national economy. First, Call contends that the hypothetical question which the ALJ asked the vocational expert did not accurately include all of Call's impairments. Second, Call objects to the ALJ's conclusion that Call can perform the jobs described by the vocational expert at the hearing. Third, Call asserts that the ALJ erred in discounting the degree of Call's pain.

 "Testimony from a vocational expert is substantial evidence only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir.1997). Accord *Porch v. Chater*, 115 F.3d at 572. The court has reviewed the hypothetical questions posed by the ALJ to the vocational expert (Tr. 112–116) as well as the examination of the expert by Call's attorney (Tr. 116–120). The court finds that the hypothetical questions asked by the ALJ comprehensively described all of the impairments in the record except the testimony regarding disabling pain that the ALJ specifically discredited. "The Commissioner may pose hypothetical questions to the vocational expert, the parameters of which do not have to include any alleged impairments that the ALJ has [properly] rejected as untrue." *Long v. Chater*, 108 F.3d at 188.

Similarly, other than the issue of pain, the plaintiff has not pointed to any error in the vocational expert's assessment (Tr. 114–120) of the plaintiff's physical exertional capacity. The vocational expert testified that the plaintiff can perform "light work," such as cashier and counter help, and "sedentary work," such as handling, packaging and assembly jobs, despite the plaintiff's impairments individually and in combination. See generally 20 C.F.R. § 404.1567(a) and (b) which define categories of physical exertion including sedentary and light work:

(a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often

necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

■■■ Thus, the primary issue raised by the plaintiff is whether the ALJ erred in finding that the severity of the plaintiff's back pain is not disabling. The court is required to evaluate subjective complaints of pain according to the standards adopted in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). See, e.g., *Johnson v. Chater*, 108 F.3d 942, 947 (8th Cir.1997):

Subjective complaints of pain cannot be rejected solely because the objective medical evidence in the record does not fully support them.... Rather, an ALJ must evaluate a claimant's subjective complaints of pain in accordance with the standards set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir.1984). In evaluating a claimant's subjective complaints, the ALJ must give consideration to a claimant's prior work record, as well as to observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, and side-effects of medication; and (5) functional restrictions.... An ALJ may discount a claimant's subjective complaints of pain only if there are inconsistencies in the record as a whole. (Citations omitted.)

Although it is clear that the plaintiff does experience pain, substantial evidence in the record as a whole supports the ALJ's decision that the intensity and severity of the plaintiff's pain is not disabling. See, e.g., *Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir.1993): " 'As is true in many disability cases, there is no doubt that the claimant is experiencing pain; the real issue is how severe that pain is.' " (Citation omitted.)

After reviewing the medical evidence thoroughly (Tr. 3–10), the ALJ concluded: "[T]he medical evidence does not document either existence of a psychological disorder or the presence of impairments accompanied by severe and intractable pain which would significantly affect the Claimant's abilities to sustain attention, tolerate work pressures generally associated with the production requirements of most labor, achieve production goals, perform work of an acceptable quality, maintain a regular schedule and relate appropriately to co-workers and supervisors." (Tr. 33.) The ALJ's observations are supported by the record. For example, Call does not regularly take prescription pain medication. Call's daily activities include taking care of her boyfriend's two young children, reading, craft work, and housework. Call has been able to lift her four-year old son. Although Call's Harrington rod was inserted when she was 14 years old, she did not seek treatment for back pain until December 1994. Call's medical records do not substantiate the degree of pain she alleges. See, e.g., physicians notes of Plum Creek Medical Group (Tr. 273–278); letter of January 16, 1995 from Dr. Greg Kloch (Tr. 279); letter of January 9, 1995 from Dr. Rajesh Kumar (Tr. 280); discharge summary of June 22, 1995 by Dr. E.A. Badejo (Tr. 261).

■■■ When the claimant's subjective complaints of pain are inconsistent with the objective medical evidence and with evidence of the claimant's daily activities, medical treatment and medications, the ALJ is justified in discounting the subjective complaints of disabling pain. See, e.g., *Hall v. Chater*, 109 F.3d 1255, 1258 (8th Cir.1997); *Kisling v.*

*Chater,* 105 F.3d 1255, 1257–1258 (8th Cir. 1997); *Cruze v. Chater,* 85 F.3d 1320, 1324 (8th Cir.1996); *Pena v. Chater,* 76 F.3d 906, 908 (8th Cir.1996).

THEREFORE, IT IS ORDERED:

(1) That the decision of the defendant, the Commissioner of Social Security, denying the claims of the plaintiff, Debra R. Call, for disability insurance benefits and supplemental security income, is affirmed;

(2) That the complaint and the action of the plaintiff, Debra R. Call, appealing the decision of the Commissioner of Social Security, are dismissed with prejudice; and

(3) That each party shall bear his or her own costs.