# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3597

———————

| | |
|---|---|
| Louis E. Harris, | * |
| | * |
| Appellant, | * On Appeal from the United |
| | * States District Court |
| v. | * for the Eastern District |
| | * of Arkansas. |
| Kenneth S. Apfel, Commissioner of | * |
| Social Security, | * [Not to be Published] |
| | * |
| Appellee. | * |

———————

Submitted: October 4, 1999
Filed: October 18, 1999

———————

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

———————

PER CURIAM.

Louis E. Harris appeals the District Court's[1] order affirming the Commissioner's decision to deny Harris disability insurance benefits. Harris had alleged he could not work primarily because of a herniation and a bulge in two lumbar discs. He also presented evidence of ulcerative colitis. Because substantial evidence supports the

—————————————

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

administrative law judge's decision, see <u>Tate v. Apfel</u>, 167 F.3d 1191, 1196 (8th Cir. 1999) (standard of review), we affirm.

For reversal, Harris first argues that the ALJ failed to evaluate the credibility of his testimony as required under <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir. 1984). We reject this argument, because the record shows that the ALJ properly discounted Harris's subjective complaints of pain and frequent diarrhea by considering the <u>Polaski</u> factors and noting specific inconsistences in the record as a whole. See <u>Hutton v. Apfel</u>, 175 F.3d 651, 654 (8th Cir. 1999). The ALJ noted, among other things, that treatment for Harris's various medical conditions had been sporadic and inconsistent, see <u>Long v. Chater</u>, 108 F.3d 185, 188 (8th Cir. 1997) (functional limitations are inconsistent with failure to obtain regular medical treatment); and that Harris's colitis had been successfully managed for years with steroids, his shoulder pain had improved after therapy, and no surgery had been recommended for any of his conditions, see <u>Hutton</u>, 175 F.3d at 655 (conditions that are controllable or amenable to treatment do not sustain finding of total disability). The ALJ also considered Harris's description of his daily activities and the failure of the doctor who treated Harris's colitis to order work restrictions. See <u>id.</u> at 655 (daily activities of making breakfast, washing dishes and clothes, watching TV, visiting with friends, and driving car, and lack of physical restrictions, are inconsistent with finding of total disability).

Harris also argues that the ALJ improperly discredited Harris's wife's testimony. The ALJ found, however, that the testimony was based on an uncritical acceptance of Harris's complaints and was prompted by Mrs. Harris's desire to see her husband obtain benefits. We conclude that the ALJ properly supported his finding that her testimony was not credible. See <u>Tate</u>, 167 F.3d at 1198 n. 8 (ALJ properly discounted testimony of lay witnesses based on their uncritical acceptance of claimant's complaints and their incentive to see claimant receive benefits).

Harris next argues that the ALJ failed to consider all of his impairments in combination, and to consider his arthritis. We disagree. The ALJ stated that Harris's impairments, alone or in combination, were not of listing-level severity, and specifically discussed Harris's back and colitis. The ALJ also considered Harris's knee and shoulder problems, which Harris attributed to arthritis. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994) (claimant's conclusory statement that ALJ failed to consider combined effects of impairments was unfounded where ALJ noted each impairment and concluded that impairments alone or in combination were not of listing level). Further, we note that the diagnosis of arthritis made by two of Harris's physicians was conclusory and unsupported by objective medical tests or diagnostic data. See Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1995) (weight given to treating physician's opinion is limited if it consists only of conclusory statements, and is not supported by objective medical tests or diagnostic data).

Finally, Harris argues that the ALJ erred in relying on the medical/vocational guidelines instead of calling a vocational expert to testify. The ALJ was correct in using only the guidelines, however, because he specifically discounted Harris's complaints of nonexertional impairments--pain, colon discomfort, and frequent diarrhea--and determined that Harris was able to perform the full range of sedentary activities. See Lucy v. Chater, 113 F.3d 905, 908 (8th Cir. 1997) (ALJ may use guidelines even though there is nonexertional impairment if ALJ finds, and record supports finding, that nonexertional impairment does not diminish claimant's capacity to perform full range of listed activities under demands of day-to-day life; under this standard isolated occurrences will not preclude use of guidelines).

Accordingly, we affirm.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.